UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| BRUCE EDGAR SMITH,<br><br>                Plaintiff,<br><br>   vs.<br><br>UNITED STATES MARSHALS;<br>LAWRENCE COUNTY FOURTH<br>JUDICIAL CIRCUIT, DEADWOOD, S.D.;<br>JOHN H. FITZGERALD; DWANE<br>RUSSELL; DAVE MULLER,<br><br>                Defendants. | 4:16-CV-05083-KES<br><br><br>ORDER DENYING MOTION TO<br>PROCEED IN FORMA PAUPERIS<br>AND DENYING MOTIONS |

      Plaintiff, Bruce Edgar Smith, is an inmate at the South Dakota State Penitentiary in Sioux Falls. On October 20, 2016, the court dismissed Smith's complaint. Docket 8. Smith now appeals the judgment, Docket 18, moves for leave to proceed in forma pauperis on appeal, Docket 19, and moves for appointment of counsel. Docket 21. Smith also filed various motions requesting that the court reconsider its order dismissing his case. Dockets 11 and 13-17.

      Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises " 'the moment the prisoner . . . files an appeal.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)). Therefore,

" '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Id.* (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." *Id.* (citing *Newlin v. Helman*, 123 F.3d 429, 432 (7th Cir. 1997)).

In *Henderson*, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. *Id.* at 485 (citing 28 U.S.C. § 1915(a)(3)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." *Id.* The initial partial filing fee must be 20 percent of the greater of:

(A)  the average monthly deposits to the prisoner's account; or

(B)  the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1). Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).

Smith's appeal is not taken in good faith. It is apparent from his complaint that his claims are barred by the statute of limitations. The motions he has filed since the court dismissed his complaint also show this. Therefore, the court certifies under § 1915(a)(3) that Smith's appeal is not be taken in good faith. Smith "may still, by separate motion filed with [the Eighth Circuit Court of Appeals] pursuant to Federal Rule of Appellate Procedure 24(a), seek to proceed in [the Eighth Circuit] under the provisions of § 1915." *Henderson*, 129 F.3d at 484.

Smith moves the court to appoint him counsel on appeal. Docket 21. This court, however, cannot appoint counsel to litigants before the Eighth Circuit Court of Appeals unless the Court of Appeals requests or directs this court to rule on the matter.

Smith also filed several motions requesting that the court reconsider its order dismissing his case and determining that the case constituted his third strike under 28 U.S.C. § 1915(g). In these motions, Smith mainly reasserts the facts in his complaint. None of these motions provide a ground on which to reconsider the decision that his claims were brought after the statute of limitations had run. Therefore, his motions are denied.

Thus, it is ORDERED

1. Smith's motion to proceed in forma pauperis on appeal (Docket 19) is denied.

2. Smith's motion for reconsideration under a writ of coram nobis (Docket 11) is denied.

3.  Smith's motions to reconsider the imposition of strikes (Dockets 13-15) are denied.

4.  Smith's motion letter to the court (Docket 16) is denied.

5.  Smith's motion to supplement his complaint (Docket 17) is denied.

6.  Smith's motion to appoint counsel (Docket 21) is denied.

Dated December 12, 2016.

BY THE COURT:
/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE
